Anna Schmidt, Appellee, v. The National Council of the Knights and Ladies of Security, Appellant.

### Gen. No. 17,515.

1. FRATERNAL BENEFIT SOCIETIES—*evidence of breach of warranties.* A breach of warranties in an application for membership in a fraternal benefit society barring recovery is not shown, though member's statements were that she was in sound physical and mental condition, that no blood relatives had been afflicted with any hereditary disease, that she had not been confined to the house within five years with illness or constitutional disease, and that she had no menstrual disorder, notwithstanding the evidence of a physician,

that she treated her for nervousness and menstrual disorder a short time before the making of the application, contradicted by the mother and sister of the member who stated that the treatment was given some time before and that the member was in good health at the time of and after the issuance of the certificate, and the evidence of another physician that the member was confined in a hospital with kidney trouble a few months before the application.

2. EVIDENCE—*hospital sheet.* In an action on a fraternal benefit society certificate, where it is alleged that the member was a patient in a hospital a short time before the application was made, it is proper to exclude a portion of a hospital sheet alleged to refer to the member which was not identified as in the handwriting of anyone in attendance.

3. FRATERNAL BENEFIT SOCIETIES—*insanity of member.* A finding two years after an application to a fraternal benefit society in an *ex parte* proceeding to confine the member in an asylum, that the member was then afflicted with hereditary insanity, but not finding the duration of the disease, is not admissible against the beneficiary on the question of a breach of warranty in a negative answer in the application as to whether any blood relatives had ever been afflicted with insanity.

Appeal from the County Court of Cook county; the HON. WILLIAM C. DE WOLF, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed January 9, 1913.

A. W. FULTON, for appellant.

WILLIAM G. BOPP and ERNEST W. CLARK, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On April 15, 1907, the defendant society executed and delivered its beneficiary certificate to Bertha Schmidt, insuring her life. By the certificate the society agreed to pay to plaintiff, the mother of Bertha Schmidt, upon the latter's death in good standing, subject to the provisions of the certificate, the sum of $1,000. Bertha Schmidt died on October 18, 1909, and, the society refusing to pay the said $1,000, plaintiff brought suit against it in the county court of Cook county on June 2, 1910. The case was tried before a

jury in that court, resulting in a verdict for plaintiff, October 25, 1910, for $952, upon which verdict judgment was entered for said amount and costs against the society, November 4, 1910. The society seeks by this appeal to reverse that judgment.

On April 2, 1907, the insured, then of the age of twenty-two years, unmarried and living in Chicago, made written application for membership in the society and for a beneficiary certificate, in which she certified that she was "in sound physical and mental condition" and " a fit subject for life insurance," and in which she warranted the answers given to the questions propounded to her by the medical examiner to be "true and fair," and in which she agreed that the answers and statements in the application should form the basis of her agreement with the society and constitute a warranty. Among other questions she was asked the following: "Have either of your parents, or any of your uncles, aunts, brothers or sisters or other blood relatives been afflicted with * * * insanity * * *, or any other hereditary disease?" and "Have you had any illness, constitutional disease or injury that has confined you to the house during the past five years?" and "Have you ever been subject to or had any of the following disorders or diseases? Answer 'Yes,' or 'No,' to each: * * * Disease of Brain? * * * Disease of Genital or Urinary Organs? * * * Insanity?" To all of these questions the applicant answered "No." The medical examiner of the society, Dr. Isabella Hursen, examined the applicant on April 2, 1907, and on the back of the application in the printed form entitled "Medical Examiner's Report," said examiner, in answer to the question therein printed, "Has she any menstrual disorder?" wrote in the proper blank the word "No." Dr. Hursen testified that she thought she asked the applicant that question before she wrote the word "No;" that she examined her heart and found the applicant in good, healthy condition and recommended her for member-

ship.  The insured died on October 18, 1909, from "exhaustion of acute delirium," at the county hospital for the insane, at Dunning, Illinois, she having been there confined for a period of about four weeks.  At the time of her death all assessments on the certificate had been paid.  Dr. Grace Campbell, a witness for the society, testified that during the year 1907 she treated Bertha Schmidt for nervousness and suppressed menstruation on about twelve different occasions, covering a period of about seven weeks, at her office, and that the date of the first treatment, as she remembered it, was March 10, 1907.  The mother and sister of the deceased testified that said first treatment was had in the summer of 1907, and that deceased was in good health at the time of, and for several weeks after, the issuance of the certificate.  Dr. Alice Conklin, a witness for the society, testified that Bertha Schmidt was admitted August 16, 1907, to the Mary Thompson Hospital and that the patient was treated for kindey trouble.  She identified a paper, called the hospital sheet, relating to the patient and said that a portion of the writing thereon was in her handwriting, that another portion was not, and that she did not know who wrote said other portion.  The portion of the paper in the handwriting of the witness was admitted by the trial court and the other portion was refused admission.  The portion admitted tended to show, *inter alia*, that the witness had diagnosed the case of the patient as "chronic nephritis."  During the trial, the attorney for the society offered in evidence certified copy of certain proceedings of the county court of Cook county, had on September 24, 1909, from which it appeared that a jury found that Bertha Schmidt was insane, and that "the disease is with her hereditary," and "that her disease is of —— duration," upon which verdict the court adjudged her to be an insane person, and that, pending her admission to a state hospital for the insane, she be committed to the Cook County Insane Asylum.  The attorney stated

that he offered the certified copy to show that the jury had found that her disease of insanity was "hereditary," whereas she had stated in her application for insurance that none of her blood relatives had been afflicted with insanity or any other hereditary disease. The trial court refused to admit the certified copy in evidence.

It is contended by counsel for the society that the evidence shows that there was such a breach of warranties contained in the application as bars a recovery and that the verdict is manifestly against the weight of the evidence. With these contentions we cannot agree.

We do not think that the trial court erred in refusing to admit in evidence in its entirety the so-called hospital sheet. The portion identified by the physician in charge as being in her handwriting was admitted, and the other portion, not being identified as being in the handwriting of any one in attendance, was properly excluded. The physician, after endeavoring to refresh her recollection from an examination of the hospital sheet, testified she did not then remember the case of Bertha Schmidt or what she was treated for.

Nor do we think that the court committed prejudicial error in excluding the certified copy of the proceedings had in the county court on September 24, 1909. These proceedings occurred more than two years after the application was signed and the beneficiary certificate issued. While the jury found that she was then insane and that the disease was hereditary, they did not find by their verdict the duration of the disease. It had already been shown by the testimony of witnesses that she was insane and had been taken to the county insane asylum on that date. We do not think that a mere finding of a jury, that a person was then insane and that "the disease is with her hereditary," rendered on an *ex parte* hearing, the purpose of which was to give authority for her confinement in

an asylum for the insane and that she be restrained of her liberty, is admissible as against the beneficiary in an insurance certificate on the questions as to whether the "parents, uncles, aunts, brothers or sisters or other blood relatives" of such insane person had ever been afflicted with insanity, and as to whether there had been a breach of warranty contained in the application.

Complaint is made of the refusal of the court to give three of the eleven instructions offered by the society. The court gave to the jury eight of the number. We think that the three refused instructions were properly refused.

The judgment of the county court is affirmed.

*Affirmed.*